UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| VIVEK HATTI, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 15-cv-1954 (KBJ) |
| ) | |
| CPA GLOBAL SERVICES US INC., ) | |
| ) | |
| Defendant. ) | |

## SCHEDULING ORDER

The parties appeared before the Court on January 14, 2016, for an initial scheduling conference. Upon consideration of the representations that the parties made during the conference, and also in their joint report submitted pursuant to LCvR 16.3(d), it is hereby **ORDERED** that:

1. Discovery Deadlines. Discovery in this case shall proceed with the following deadlines:

   | | |
   |---|---|
   | Initial disclosures | **February 15, 2016** |
   | Fact discovery requests | **March 1, 2016** |
   | Close of fact discovery | **May 13, 2016** |

2. Discovery Limits, Responses, and Objections.

   a. Counsel are referred to LCvR 26.2 and expected to conform fully with its directives.

   b. Each side is limited to a maximum of five (5) depositions.

   c. Each party is limited to maximum of twenty-five (25) interrogatories, including discrete subparts.

   d. Each party is limited to a maximum of twenty-five (25) requests for admissions, including discrete subparts.

   e. Objections and responses to all interrogatories, requests for production, and requests for admission shall be made no more than

       thirty days after service.  Fed. R. Civ. P. 33(b)(2), 34(b)(2)(A), 36(a)(3).

    f.    Objections to interrogatories and requests for production must be stated with specificity.  Fed. R. Civ. P. 33(b)(4), 34(b)(2)(B).

    g.    An objection to a request for production "must state whether any responsive materials are being withheld on the basis of that objection.  An objection to part of a request must specify the part and permit inspection of the rest."  Fed. R. Civ. P. 34(b)(2)(C).

    h.    A party must answer those portions of an interrogatory to which it does not object.  Fed. R. Civ. P. 33(b)(3).

    i.    Discovery material shall not be filed with the Court unless so ordered.  See LCvR 5.2(a).

3.    <u>Discovery Disputes</u>.

    a.    Under LCvR 7(m), counsel must confer in good faith if discovery disputes arise and are hereby ordered to attempt to resolve any discovery dispute before bringing it to the Court's attention.

    b.    In the event that counsel are not able to resolve a discovery dispute, counsel shall jointly call Chambers (202-354-3350) to arrange for a telephone conference with the Court.

    c.    **Counsel shall not file any discovery-related motion without a prior telephone conference with the Court and opposing counsel**.

4.    <u>Alternative Dispute Resolution and Settlement</u>.  The parties and their counsel are expected to evaluate their respective cases for settlement purposes.  Submission to alternative dispute resolution, *e.g.*, mediation or neutral evaluation, is encouraged and available upon request to the Court at any time, as is a settlement conference before a Magistrate Judge.  If the case settles in whole or in part, plaintiff shall advise the Court by promptly filing a stipulation.

5.    <u>Hearings and Conferences</u>.

    a.    Trial counsel must be present at all conference and hearings unless excused by the Court in advance of the hearing date.

    b.    A Mid-Discovery Status Conference is scheduled for **April 7, 2016 at 10:00 AM**.  Counsel are expected to come to this conference prepared to discuss the status of discovery, including whether any modifications to this Order are necessary.  At that time the Court will revisit the need for a dispositive motions schedule.

6. <u>Schedule Modification</u>.  This schedule shall not be modified, even where all parties consent, except upon a showing of good cause and by leave of the Court.  *See* FRCP 16(b); LCvR 16.4.

7. <u>Communications with the Court</u>.  The parties' communication with the Court should be in writing and only by written motion, opposition, and reply, not by letter.  Oral inquiries concerning the status or scheduling of any pending matter are disfavored.  If a party nevertheless needs to make such an oral inquiry, such questions should be directed to the Courtroom Deputy Clerk, Mrs. Gwen Franklin (202-354-3145) rather than to chambers.  If Ms. Franklin is unavailable, such inquiries should be directed to the staff person in the clerk's office who has been designated as her substitute.  In an emergency, however, Chambers can be reached at 202-354-3350.

8. <u>Compliance with General Order and Guidelines</u>.  **Counsel are expected to comply fully with the directives in this Court's General Order and Guidelines for Civil Cases and the Appendix thereto (ECF No. 8, filed November 16, 2015).**  Counsel should take particular note of the Court's requirements for courtesy copies (Appendix ¶ 3(d)); Tables of Contents, Tables of Authority, and indices of exhibits (Appendix ¶ 5(a)); for motions for extensions of time (Appendix ¶ 5(b)); and for motions for summary judgment (Appendix ¶ 5(d)).  Any submissions that do not conform with the Court's General Order and Guidelines for Civil Cases will not be accepted.

Date:  January 14, 2016

*Ketanji Brown Jackson*
KETANJI BROWN JACKSON
United States District Judge